**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

ANDREA SAVAGE, )
)
Plaintiff, )
)
v. ) CV419-224
)
INTERNATIONAL LONGSHORE )
ASSOCIATION, *et. al.*, )
)
)
Defendants. )

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff Andrea Savage's Motion for Leave to Proceed *in forma pauperis* (IFP). Doc. 2. For the following reasons, the motion should be **DENIED**. Plaintiff's financial status clearly shows that she has the ability to pay the filing fee.[1]

Plaintiff reports that she earns wages of $1,000.00 per week and

[1] Two important points must be underscored. First, proceeding IFP is a privilege, not a right. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. §1915(a)(1) (courts "may authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 91992); *see also Marceauz v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could not afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. §1915 is discretionary).

currently has $7,000.00 in liquid assets. Doc. 2 at 1–2. She has also claimed ownership of two automobiles and two real properties—one of each being unencumbered by loan. Doc. 2 at 2. Plaintiff states that she has a mortgage, a car loan, and credit card debt; however, neither the total amount of debt nor the size of regular payments has been provided. Doc. 2 at 2. As it appears that Plaintiff has sufficient resources to prepay the filing fee, the Court recommends that the motion for leave to proceed *in forma pauperis* be **DENIED**.

Plaintiff has suggested that the burden of the filing and administrative fees should be shifted to the defendants because "they [are] always saying they don't care if they get sued, cause [sic] that's why they pay there [sic] attorney." Doc. 2 at 1. No statutory support has been provided for this request. This request should also be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of September, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA